IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| JESSE FRED REECE, SR., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 7:16-cv-00056-O-BP |
| § | |
| ALCOA POWER and § | |
| HOWMET CORPORATION, § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are Defendants' Motion for Summary Judgment (ECF No. 33), Brief in Support (ECF No. 34), and Appendix in Support (ECF No. 35), filed April 10, 2017; Plaintiff's "Opposition to Defendants (Partial) Motion for Summary Judgment of Factual Evidence (LR 56.3 Except as (b) C. L.R. 56.4(a)(b), Amendments to the Constitution Rights, 7th VII (1791) Clean-Hands Civil Right Common Laws Right of Jury Trial" (ECF No. 42), filed May 1, 2017; Plaintiff's "Opposition to Defendants (Partial) Motion Facts for a Summary Judgment of Plaintiff Factual Evidence (LR 563 Except as (b)C. LR 56.4(a)(b). Matter will be Set Forth in Brief. Amendments Rights to the Constitution Rights 7th VII (1791) Clean-Hands Civil Right Common Laws Right of Jury Trial" (ECF No. 46), filed May 24, 2017; and Defendants' Reply in Support of Motion for Summary Judgment (ECF No. 47), filed May 25, 2017.

Based upon a full review of the relevant pleadings on file and applicable legal authorities, the undersigned RECOMMENDS that United States District Judge Reed O'Connor GRANT Defendants' Motion for Summary Judgment (ECF No. 33).

I.   BACKGROUND

Plaintiff Jesse Fred Reece, Sr. ("Reece") filed his Original Complaint on May 26, 2016, generally alleging claims for EEOC violations, breach of contract, illegal discrimination, and wrongful denial of unemployment benefit payments against Defendants Alcoa Power and Howmet Corporation (collectively, "Defendants"). ECF No. 1. Reece's claims are centered on his termination from employment at Alcoa Power and Propulsion Wichita Falls ("Alcoa WF"), a division of Howmet Castings and Services, Inc. ("Howmet Casting"). ECF No. 34 at 1. Neither are parties to this lawsuit. Defendant Alcoa Inc. is the ultimate parent company of all named entities, and Defendant Howmet Corporation is the parent of wholly-owned subsidiary Howmet Casting, Reece's employer. *Id.* at 3. Reece argues that he was illegally discriminated against by his coworkers and that the Human Resources Department of Alcoa Inc. engaged in misconduct. ECF No. 1. Reece also takes issue with the Texas Workforce Commission's ("TWC") decision to deny unemployment benefit payments to him. *Id.* Defendants contend that Reece was fired after reporting to work intoxicated on January 27, 2015, as confirmed by the results of a breathalyzer test administered to him at the Alcoa WF facility. ECF No. 34 at 7-9.

Defendants filed the instant Motion for Summary Judgment, asserting that they are entitled to summary judgment on all claims because (1) Reece failed to exhaust administrative remedies prior to filing suit, failed to sue his statutory employer, and failed to establish the requisite *prima facie* case of discrimination; (2) no contract exists between Reece and any Defendant; and (3) Reece failed to join necessary parties with respect to his wrongful denial of unemployment benefits claim, and, in any event, the TWC did not err in denying such benefits. ECF No. 33 at 1-3. In response, Reece filed a document entitled "Plaintiff *Pro Se* Jesse Fred Reece Sr. Opposition to Defendants (Partial) Motion for Summary Judgment of Factual Evidence (LR 56.3 Except as (b) C. L.R. 56.4(a)(b), Amendments to the Constitution Rights, 7th VII (1791) Clean-Hands Civil

Right Common Laws Right of Jury Trial" on May 1, 2017. ECF No. 42. This document advances no arguments in support of Reece's opposition to Defendants' Motion for Summary Judgment and solely contains an index listing of documents submitted as "Exhibit A" to his Response. *Id.* Reece's Exhibit A consists of 227 pages of various documents including an IRS Form 1040 for 2015, various documents pertaining to his Fifth Circuit appeal (No. 15-10912) of cause number 7:15-cv-00078, an appellate brief to the Fifth Circuit, correspondence with the TWC, and various other documents filed in his previous cases. ECF No. 42-1.

On May 2, 2017, the Court ordered Reece to file a brief in compliance with the Local Civil Rules of the Northern District of Texas. In response to the Court's Order, Reece filed another document entitled "Plaintiff *Pro Se* Jesse Fred Reece Sr. Opposition to Defendants (Partial) Motion Facts for a Summary Judgment of Plaintiff Factual Evidence (LR 563 Except as (b)C. LR 56.4(a)(b). Matter will be Set Forth in Brief. Amendments Rights to the Constitution Rights 7th VII (1791) Clean-Hands Civil Right Common Laws Right of Jury Trial[,]" containing 267 pages of duplicative, annotated documents—many the same as submitted in his previous response—and several allegations under the heading "Complaint." ECF No. 46. In this "Complaint" section, Reece appears to argue that Human Resources Manager Carolyn Phillips and employee Cory Henson engaged in moral turpitude involving policy violations and transparency testing, and illegally discriminated against him on the basis of his age and race. *Id.* at 5. Defendants filed their Reply on May 25, 2017, reiterating their contention that there is no dispute of material fact such that Defendants are entitled to judgment as a matter of law on all claims presented. ECF No. 47. Although Reece entitled both of his documents as responses to Defendants' "partial" summary judgment motion, Defendants reassert that their Motion for Summary Judgment seeks summary judgment on all claims in the instant action. *Id.* at 2.

## II. LEGAL STANDARDS

### A. Summary Judgment Standard

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper when the pleadings and evidence illustrate that no genuine issue exists as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Slaughter v. Southern Talc Co.*, 949 F.2d 167, 170 (5th Cir. 1991). Disputes concerning material facts are genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). An issue is "material" if it involves a fact that might affect the outcome of the suit under the governing law. *Anderson*, 477 U.S. at 248; *Burgos v. Southwestern Bell Telephone Co.*, 20 F.3d 633, 635 (5th Cir. 1994). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-25 (1986)).

When a movant carries his initial burden, the burden then shifts to the nonmovant to show that the entry of summary judgment is inappropriate. *Celotex*, 477 U.S. at 322-24; *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992). Although the nonmovant may satisfy this burden by tendering depositions, affidavits, and other competent evidence, "conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden," *Douglass*, 79 F.3d at 1429, as "the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Merely colorable evidence or evidence not significantly probative, however, will not defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 249-50. Furthermore, a mere scintilla of

evidence will not defeat a motion for summary judgment. *Anderson*, 477 U.S. at 252; *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994).

Summary judgment evidence is viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993). In addition, factual controversies are resolved in favor of the nonmovant, but only when both parties have submitted evidence of contradictory facts, thus creating an actual controversy. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). In the absence of any proof, however, the Court does not assume that the nonmovant could or would prove the necessary facts. *Id.*

In making its determination on the motion, the Court looks at the full record including the pleadings, depositions, answers to interrogatories, admissions, and affidavits. Fed. R. Civ. P. 56(c); *Williams v. Adams*, 836 F.2d 958, 961 (5th Cir. 1988). However, "the [Court's] function is not [ ] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. The movant's motion for summary judgment will be granted only if he meets his burden and the nonmovant fails to make the requisite showing that a genuine issue exists as to any material fact. Fed. R. Civ. P. 56(e)(2).

### B. *Pro Se* Standard

"*Pro se* plaintiffs are held to a less stringent pleading standard than documents drafted by attorneys and are entitled to a liberal construction, allowing all reasonable inferences that can be drawn from their pleadings." *Morgan v. Fed. Exp. Corp.*, 114 F. Supp. 3d 434, 436 (S.D. Tex. 2015) (citing *Haines v. Kerner*, 404 U.S. 519, 521 (1972)). Nevertheless, *pro se* plaintiffs must "still comply with the rules of civil procedure and make arguments capable of withstanding summary judgment." *Ogbodiegwu v. Wackenhut Corr. Corp.*, 202 F.3d 265 (5th Cir. 1999) (citing

*Grant v. Cellular*, 59 F.3d 523, 524 (5th Cir. 1995); *Haines*, 404 U.S. at 520). And "while courts liberally construe the pleadings of *pro se* litigants, courts are not obligated under Federal Rule of Civil Procedure 56 [ ] to search the record to find evidence supporting a party's opposition to a summary judgment motion." *Murray v. Int'l Bus. Machines Corp.*, No. 3:14-CV-1809-M BF, 2015 WL 4635776, at *1 (N.D. Tex. Aug. 4, 2015) (citations omitted).

### C. *Erie* Doctrine

Reece's claims for breach of contract and wrongful denial of unemployment benefits do not invoke a federal question. Therefore, the Court applies the law of the forum state, which here is Texas. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). "Under the *Erie* doctrine, [courts] are bound in diversity cases to apply the substantive law of the forum state as interpreted by the state's highest court." *Am. Nat. Gen. Ins. Co. v. Ryan*, 274 F.3d 319, 328 (5th Cir. 2001) (citing *Ladue v. Chevron U.S.A., Inc.*, 920 F.2d 272, 274 (5th Cir. 1991)). The Court "look[s] to decisions of the state's highest court, or in the absence of a final decision by that court on the issue under consideration, [ ] must determine in [its] best judgment, how the state's highest court would resolve the issue if presented with it." *Citigroup Inc. v. Fed. Ins. Co.*, 649 F.3d 367, 371 (5th Cir. 2011) (internal quotations omitted).

## III. ANALYSIS

### A. Illegal Discrimination Claim

Reece's first cause of action merely claims that he was subjected to illegal discrimination. *Id.* Reece does not cite any statute that he alleges Defendants violated, or offer any facts in support of discrimination on any basis. *See id.* Defendants note that Reece has not identified a cause of action with respect to this claim even after being asked for clarification in his deposition. ECF No. 34 at 13; ECF No. 35 at 183-85. Defendants maintain that Reece's claim of illegal discrimination,

6

if any, fails as a matter of law because (1) Reece failed to exhaust administrative remedies prior to filing the instant lawsuit; (2) Reece failed to sue his employer as required by statute; (3) Alcoa WF terminated Reece's employment for a legitimate, non-discriminatory reason that Reece cannot establish was pretext; and (4) Reece himself admitted that none of the decision-makers involved in his termination were motivated by racial animus. *Id.* at 13.

Although Reece has never articulated the basis for his discrimination claim, Defendants note that, liberally construing Reece's *pro se* pleadings and unresponsive, indirect answers to deposition questions, he may be attempting to state a claim under Title VII for discriminatory discharge on the basis of his race or a claim under the Age Discrimination in Employment Act (ADEA) on the basis of his age. ECF No. 34 at 13-14; ECF No. 35 at 183-85. Defendants' position and briefing in support of their Motion for Summary Judgment on this issue is consistent with Reece's response that Defendants engaged in "illegal discrimination of 59 year old black man" and relevant law. ECF No. 46 at 5; *see* 42 U.S.C. § 2000e-2 ("It shall be an unlawful employment practice for an employer . . . to discharge any individual, or otherwise to discriminate against any individual . . . because of such individual's race, color, religion, sex, or national origin . . . ."); 29 U.S.C. § 623 ("It shall be unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual . . . because of such individual's age . . . .").

At the outset of the analysis, Reece's discrimination claim fails for failure to exhaust administrative remedies prior to filing suit. *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 273 (5th Cir. 2008) (citing *Pacheco v. Mineta*, 448 F.3d 783, 788 and n.6 (5th Cir. 2006), *cert. denied,* 549 U.S. 888 (2006)) ("Title VII requires employees to exhaust their administrative remedies before seeking judicial relief. Private sector employees must satisfy this requirement by filing an administrative charge with the EEOC."); *Price v. Choctaw Glove & Safety Co.*, 459 F.3d 595, 598

(5th Cir. 2006) (citing *Wheeler v. American Home Products, Corp.*, 582 F.2d 891, 897 (5th Cir. 1977)) ("[The Fifth] Circuit has long required plaintiffs to exhaust their administrative remedies before bringing suit under Title VII."). The undisputed summary judgment evidence cited by Defendants establishes that Reece did not file a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) or receive the requisite statutory right to sue letter from the EEOC before filing the instant lawsuit. ECF No. 34 at 13; ECF No. 35 at 185. Reece has not made any argument or presented any evidence in contradiction of his admissions of failure to exhaust administrative remedies in his deposition or in support of equitable relief in his responsive filings. *See* ECF Nos. 42, 46; *see, e.g.*, *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). Accordingly, Defendants are entitled to summary judgment on Reece's discrimination claim, whether evaluated on the basis of race or age. *E.g.*, *Price*, 459 F.3d at 599-600; *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788-89 (5th Cir. 1996).

### B. Breach of Contract Claim

Reece's claim for breach of contract is based on his allegation that Alcoa WF breached the employee handbook. ECF No. 35 at 174-77. In his deposition, Reece acknowledged to defense counsel that the handbook specifically stated it was not a contract and created no contractual obligations. *Id.*; ECF No. 34 at 25. Defendants contend that Reece failed to sue Alcoa WF, the employer with which he would have had a contract if the employee handbook were to be construed as a contract, and failed to identify any contract between himself and any Defendant. ECF No. 34 at 24-25. As Defendants correctly assert, both the Fifth Circuit and the Texas Supreme Court routinely dismiss breach of contract claims based on purported violations of policies contained in employee handbooks. ECF No. 34 at 25-26; *e.g.*, *Zimmerman v. H.E. Butt Grocery Co.*, 932 F.2d 469, 471 (5th Cir. 1991); *Joachim v. A T & T Info. Sys.*, 793 F.2d 113, 114 (5th Cir. 1986); *Federal*

*Exp. Corp. v. Dutschmann*, 846 S.W.2d 282, 283 (Tex. 1993). Reece advances no arguments and offers no evidence in support of any exception to the well-established general rule that employee handbooks do not create contractual rights. *Zimmerman*, 932 F.2d at 471. Therefore, Defendants are entitled to summary judgment on Reece's breach of contract claim.

### C. Denial of Unemployment Benefits Claim

Finally, Reece apparently claims that the TWC wrongfully denied his claim for unemployment benefit payments. ECF No. 1. Pursuant to the Texas Labor Code,

> (a) A party aggrieved by a final decision of the commission may obtain judicial review of the decision by bringing an action in a court of competent jurisdiction for review of the decision against the commission on or after the date on which the decision is final, and not later than the 14th day after that date.
> (b) Each other party to the proceeding before the commission must be made a defendant under this subchapter.

Tex. Lab. Code § 212.201. Reece neither brought suit within the statutory 14 day period nor sued the TWC as required by statute. ECF No. 35 at 111; s*ee id*. Defendants assert that they were not parties to the unemployment benefits proceedings before the TWC and that Reece cannot obtain relief from either Defendant on any claim seeking to appeal the TWC's decision, thus entitling Defendants to summary judgment as a matter of law. ECF No. 24 at 28-29. Reece has not put forth any evidence or advanced any argument presenting a genuine dispute as to any material fact on this issue. Therefore, Defendants are entitled to summary judgment on any claim purportedly presented against them with respect to the TWC's denial of Reece's unemployment benefits.

## IV. CONCLUSION

For the foregoing reasons, the undersigned RECOMMENDS that Judge O'Connor GRANT Defendants' Motion for Summary Judgment (ECF No. 33) and DISMISS with prejudice all of Plaintiff's claims against Defendants.

A copy of this findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed May 26, 2017.

*Hal R. Ray, Jr.*
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE